UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00188-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PAUL EDWARD BAALERUD,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. Defendant contends through counsel that the indictment against him, brought pursuant to 18 U.S.C. § 2252A, should be dismissed because the statute criminalizing the interstate transmission of child pornography is unconstitutional as it exceeds the authority of Congress under the Commerce Clause of the United States Constitution and because it violates the Tenth Amendment. Defendant's argument is contrary to well settled case law.

First, it is well settled that Congress has the power under the Commerce Clause to regulate "activities that substantially affect interstate commerce as well as the channels and instrumentalities of interstate commerce." United States v. Mugan, 441 F.3d 622, 627 (8th Cir.2006) (punctuation altered), citing United States v. Lopez, 514 U.S. 549, 558-59 (1995). Second, Congress can regulate "purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." Gonzales v. Raich, 545 U.S. 1, 17 (2005). Third, in United States v. Forrest, 429 F.3d 73 (4th Cir. 2005), a child pornography case, the Court of Appeals for the Fourth Circuit held, as follows:

[b]ecause Congress possessed a rational basis for concluding that the local production and possession of child pornography substantially affect interstate commerce, 'the de minimis character of individual instances arising under the statute is of no consequence.'

Id. at 79 (citing Gonzales, 545 U.S. at 17). Other appellate courts have specifically held that the statute permitting a conviction based on production of child pornography using materials that traveled in interstate commerce did not violate Commerce Clause. United States v. Sharpley, 399 F.3d 123 (2d Cir. 2005), cert. denied, 126 S. Ct. 78 (2005). Simply put, no appellate court has ever held that Section 2252A is unconstitutional and this court can find no basis for doing so in this matter.

Finally, the court has considered defendant's argument that Section 2252A violates the Tenth Amendment, which reserves to the states powers not vested in the federal government by the Constitution. As just discussed, the power to regulate interstate commerce is vested in the federal government by the Commerce Clause, making defendant's argument untenable. United States v. Rene E., 583 F.3d 8, 19 n.9 (1st Cir. 2009) (holding that legislation that is within Congress' Commerce Clause authority does not violate the Tenth Amendment). "As long as it is acting within the powers granted it under the Constitution, Congress may impose its will on the States." Gregory v. Ashcroft, 501 U.S. 452, 460 (1991). Thus, defendant's Tenth Amendment argument is equally without merit.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#26) is **DENIED**.

Signed: July 2, 2015

Max O. Cogburn Jr.
United States District Judge