UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-22-MOC
(3:14-cr-188-MOC-1)

| | |
|---|---|
| PAUL EDWARD BAALERUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on *pro se* Petitioner's "Motion for a Second and Successive 28 U.S.C. § 2255," (Doc. No. 1).[1] For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

**I.      BACKGROUND**

Petitioner pled guilty in the underlying criminal case to a single count of transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1). The Presentence Investigation Report calculated the base offense level as 22 and included enhancements for, *inter alia*, distribution of child pornography under U.S. Sentencing Guidelines § 2G2.2(b)(3)(F). (3:14-cr-188, Doc. No. 45 at ¶ 25). Petitioner was sentenced to 168 months' imprisonment and supervised release for a term of life. See (3:14-cr-188, Doc. Nos. 54, 62). He did not appeal.

In December 2016, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 raising four claims of ineffective assistance of counsel, case number 3:17-cv-2. The Court denied

---

[1] Although the pleading is entitled a Motion, a review of its contents reveals that it is a second or successive § 2255 Motion to Vacate directed to this Court rather than an application for authorization to file a second or successive § 2255 petition that would have been forwarded to the Fourth Circuit Court of Appeals.

Petitioner's claims on the merits. Baalerud v. United States, 2017 WL 424894 (W.D.N.C. Jan. 31, 2017). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Baalerud, 686 Fed. Appx. 164 (4th Cir. 2017).

The instant § 2255 Motion to Vacate was docketed on January 1, 2020. Petitioner appears to argue that: (1) he lacked knowledge that there was peer-to-peer filesharing on his computer and therefore the enhancement under U.S. Guidelines Section 2G2.2(b) was erroneously applied; (2) the life term of supervised release exceeds the statutory maximum sentence for this offense; and (3) he should be granted a certificate of appealability.

**II.     LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing

authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court denied on the merits. He subsequently filed Rule 60 motions that were construed as unauthorized successive § 2255 petitions. Petitioner has now filed another § 2255 petition and he does not allege that he has received permission from the Fourth Circuit a second or successive § 2255 petition under § 2255(h).

Any suggestion that Petitioner was not required to obtain authorization from the Fourth Circuit because the instant § 2255 Motion to Vacate relies on new case law is belied by the record. Petitioner has not identified any new rule of constitutional law that was made retroactively applicable to § 2255 cases by the Supreme Court. He cites a Fourth Circuit case, United States v. Beal, 781 Fed. Appx. 268 (4th Cir. 2019), for the proposition that peer-to-peer file sharing does not constitute "distribution" under Guidelines § 2G2.2(b)(3)(F). However, he has not cited a new rule of constitutional law that the United States Supreme Court made retroactively applicable on collateral review. Accordingly the instant § 2255 petition will be dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

Petitioner's request for a certificate of appealability will be denied in because Petitioner has failed to satisfy the requisite standard. See Section III, *infra.*

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an

unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 30, 2020

Max O. Cogburn Jr
United States District Judge