# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-CR-00188-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **PAUL EDWARD BAALERUD,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release. See Doc. No. 74. Defendant requests the Court to reduce his sentence based on the COVID-19 pandemic. See id. In support, he maintains that he suffers from a variety of health conditions, including a prior hernia surgery and high cholesterol. See id. at 3. He also asserts that he is employable and has a place to live upon release. Finally, he notes that he is at increased risk due to his age. Defendant thus requests immediate release. See id.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant's documents suggest that he submitted a compassionate release request with the Bureau on May 2, 2020. See Doc. No. 74 at 1. Defendant submitted his request to this Court on May 20, 2020—only eighteen days later. Accordingly, Defendant has failed to provide the Bureau with the requisite time to evaluate his request before seeking relief from this Court.

The Bureau shares this Court's "desire for a safe and healthy prison environment." Raia, 2020 WL 1647922, at *2. Given the Attorney General's directive that the Bureau "prioritize the

use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to exhaust administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify Defendant's term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau). Defendant may refile his motion with supporting evidence after exhausting available administrative remedies.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate release, Doc. No. 74, is **DENIED**.

Signed: June 2, 2020

Max O. Cogburn Jr.
United States District Judge