UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-188-MOC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PAUL EDWARD BAALERUD, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 78). The Government has filed a response in opposition. (Doc. No. 81). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I.   **Background**

In January of 2014, police discovered that Defendant, a resident of Charlotte, North Carolina, was sharing child pornography through a peer-to-peer network. (Doc. No. 45 ¶ 5). Undercover officers downloaded 21 videos depicting child pornography, including adult men orally penetrating or having sexual intercourse with young girls under the age of 10. (Id. ¶¶ 5, 7). Police ultimately discovered 94 videos on an external hard drive of Defendant's. (Id. ¶ 12). Twenty-seven videos depicted victims under 12 years old. (Id.). Defendant admitted to the police that on at least five occasions, he had masturbated in front of a two-year-old child and had the child touch his penis. (Id. ¶ 11). Defendant had also had two other children, who were one or two years old, climb on top of him while he masturbated. (Id.).

A federal grand jury indicted Defendant and charged him with two counts of transporting

1

child pornography, 18 U.S.C. § 2252A(a)(1); one count of receiving child pornography, 18 U.S.C. § 2252A(a)(2); and one count of possessing child pornography depicting a child under 12 years old, 18 U.S.C. § 2252A(a)(5)(B). (Doc. No. 1). Defendant entered into a plea agreement with the United States and pleaded guilty to one of the transportation offenses. (Doc. No. 31 ¶ 1; Doc. No. 35).

This Court's probation office submitted a presentence report and calculated a total offense level 39. (Doc. No. 45 ¶ 37). This offense level included a five-offense-level increase because Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of minors. (Id. ¶ 27). The probation office assigned Defendant zero criminal-history points and found that the Sentencing Guidelines advised a sentence of between 262 and 327 months in prison based on a total offense level of 39 and a criminal-history category of I. (Id. ¶¶ 42, 65). Defendant faced a statutory maximum sentence of 20 years in prison. (Id. ¶ 64).

This Court sustained Defendant's objection to the pattern-of-activity increase and found that the Sentencing Guidelines advised a sentence of between 151 and 188 months in prison based on a total offense level of 34 and a criminal-history category of I. (Doc. No. 55 at 1). This Court sentenced Defendant to 168 months in prison. (Doc. No. 54 at 2). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

2

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the

3

court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a reduction in his sentence. Defendant received zero criminal-history points, but he is not eligible for a reduction in his sentence because he was convicted of a "sex offense." He pleaded guilty to violating 18 U.S.C. § 2252(a)(1), and § 2252 falls within chapter 110 of title 18 of the United States Code. Because Amendment 821 excludes from consideration for a sentence reduction any defendant convicted of a sex offense, Defendant is not eligible for a sentence reduction.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 78) is **DENIED**.

Signed: July 18, 2024

*[Signature]*
Max O. Cogburn Jr
United States District Judge